OPINION GRANTING DISMISSAL

This case arises out of the appeal of a May 13, 2010 Findings of Fact and Conclusions of Law, and Final Order of the Navajo Nation Labor Commission (Commission) by the Cedar Unified School District.
On January 24, 2011, the parties filed a Stipulated, Dismissal of Appeal on the basis that the Appeal is moot due to an Amended Judgment issued by the United States District Court for the District of Arizona (federal district court), No. CV-09-8071-PCT-PGR, 2010 WL 3855183, on January 6, 2011 in which the federal district court (1) granted summary judgment in favor of Appellant; (2) declared that “the Navajo Nation and its administrative and judicial entities have no regulatory or adjudicative jurisdiction over the personnel decisions of plaintiffs ... as they relate to the employment termination-related claims of (named defendants)”[1]; (3) voided any orders and judgments previously issued by the Commission and/or the Navajo Nation Supreme Court; (4) enjoined Appellees from any further prosecution of their employment termination-related claims before the Commission or the Navajo Nation Supreme Court; and (5) enjoined the Commission from any further adjudication of Appellees’ employment termination-related claims. The parties also submitted an Order of Dismissal on the basis of mootness for this Court to sign.
We will dismiss the appeal solely on the basis that the parties have not pursued an appeal of the federal district court’s judgment. However, for the following reasons, we do not grant the dismissal on the basis of mootness.
It is the opinion of this Court that the federal district court’s reasoning behind its judgment in CV-09-8071-PCT-PGR, contained in an Order filed on September 28, 2010, is overbroad and capable of being misapplied in situations well beyond personnel decisions by a school board. Specifically, and unsupported by authoritative precedent, the court found that state actors entering tribal lands to fulfill a governmental obligation are not subject to tribal legislative or adjudicative jurisdiction in decisions unrelated to the tribal land. Order, supra at *3. According to the court, even the existence of a state-tribal *494 contract[2] may not extend the first Montana exception to cover decisions and activities of state actors “while operating in their governmental capacities pursuant to their state constitutionally-imposed mandate to operate a public school system within the reservation boundaries.” Id. at *3. In so doing, the federal district court has created a pool of immunity for state employees performing long-term activities of indefinite duration on Indian land, even when the employees are enrolled members of the Navajo Nation. Additionally, the federal district court has undercut Arizona’s own long-standing policy of govemment-to-government relationships with tribes within the state. It must be noted that neither the legal counsel for the school district nor the Arizona Attorney General in his amicus brief contended that such total immunity from regulation and adjudication on Navajo Nation land applied.
The federal district court’s decision has greatly over-stretched the limited holding in MacArthur v. San Juan County, 497 F.3d 1057 (10th Cir.2007), cert. denied, 552 U.S. 1181, 128 S.Ct. 1229, 170 L.Ed.2d 62 (2008) in which the Tenth Circuit Court held that “in the absence of congressional delegation, the tribes may not regulate a State qua State on non-Indian land ... based only on a consensual relationship between members of the tribe and the State.” Id. at 1073-1074. (Emphasis added).
Essentially, the federal district court’s reasoning would require territory leased by the state on a long-term basis such as school buildings on the reservation, to be treated akin to embassies or territorial concessions in which educational activities and decision-making are to be entirely administered by the state with no regard for the education-related and other laws of the Navajo Nation which holds sovereignty over it.
The Navajo Nation government—being limited in resources—is heavily reliant on a variety of public and private sources for the education of its children living within the Navajo Nation’s boundaries. Public schools operated by the states require sustained and long-term presence by the schools and their employees throughout the Navajo Nation in buildings leased to the schools by the Navajo Nation. The federal district court’s decision expressly nullifies the effect of a lease contract on tribal regulatory and adjudicative jurisdiction over state activities in the operation of a reservation school. Perhaps without foreseeing the consequences of such sweeping immunity, the decision operates to dismiss the superintending role of Navajo government in determining what Navajo children should learn on their own lands if such imperatives collide with state school policy and state law.
The harms are evident. This Court takes judicial notice that Arizona’s House Bill 2281, which prohibits classes designed primarily for pupils of a particular ethnic group and which went into effect as of January, 2011, is presently being applied to Navajo Nation pupils notwithstanding objections by Navajo government.[3] Such a law is diametrically opposed to the Navajo Nation’s sovereignty and *495 cultural survival as expressed in our codified laws. 10 N.N.C. § 112 states:
The survival of the Navajo Nation as a unique group of people growing and developing socially, educationally, economically and politically within the larger American Nation requires that the Navajo people and those who reside with the Navajo people retain and/or develop an understanding, knowledge and respect for Navajo culture, history, civics and social studies. Courses or course content that develops knowledge, understanding and respect for Navajo culture, history, civics and social studies shall be included in the curriculum of every school serving the Navajo Nation. The local school governing board, in consultation with parents, students and the local community, shall assist in determining the appropriate course content for the Navajo culture component of the curriculum.
It is our understanding that the Navajo Nation Labor Commission and Appellees have not appealed the Amended Judgment issued by the federal district court. It is clear that the period to appeal that judgment is now past. Therefore, this Court has no choice but to hereby GRANT dismissal pursuant to the parties’ stipulated dismissal.
However, we exhort the policy leaders of the Navajo Nation government—the President, the Council, Department of Justice, the Superintendent of Schools and others—to discuss this serious matter impacting our future generations with the Federal and Arizona governments and resolve it before allowing any more time to pass.
We note that, in addition to the federal district court having extended MacArthur to the extent of state law preempting tribal government authority on tribal land, and the second prong of Montana having not been argued before the federal district court, we believe the federal district court may be persuaded in the future to reconsider its short-sighted reasoning in this decision, especially in light of how tribal-state government-to-government dealings are, in actuality, conducted. State law cannot be presumed to pre-empt tribal law where there is sustained interaction between tribe and state on reservation territory, through employment, education, or other services the federal government has the primary responsibility to provide but is not adequately providing. This Court will entertain future challenges of the federal district court’s rationale based on grounds not previously argued, at which time this Court will enter the appropriate order.
Given the impact of the federal district court’s decision as described above, and the need for the sovereigns to discuss these matters, the Court will forward a copy of this opinion to the federal district court, the Governor of the State of Arizona, the President of the Navajo Nation, the Superintendent of Public Instruction for the State of Arizona, and the Navajo Nation Superintendent of Schools.

. Cause No. CV-09-8071-PCT-PGR was captioned Red Mesa Unified School District et al v. Sara Yellowhair, et al, and included an additional plaintiff (Red Mesa Unified School District) and defendant (Sara Yellowhair) who did not file an appeal to this Court.

. In this case, Cedar Unified School District occupies its on-reservation school building pursuant to a 50-year lease effective July 1, 1980, while the lease of Red Mesa Unified School District expired years ago and has not been renewed, see Red Mesa School District v. Navajo Nation Labor Commission, No. SC-CV-54-06 (Nav.Sup.Ct. November 21, 2007).

. "Navajo Nation Council Opposes Arizona ‘Anti-Ethnic Studies' Bill,” Gallup Independent, June 12, 2010.